UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY LYNN DOSS,

    Plaintiff,

v.   Case No. 3:21cv981-TKW-HTC

LABOR FINDERS
C/O ANDREW M. GORDON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Terry Doss, proceeding *pro se*, sues his former employer, Defendant Labor Finders, for employment discrimination under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17.  Since filing the complaint, however, Plaintiff has failed, despite multiple opportunities, to file a sufficient motion to proceed *in forma pauperis* or pay the filing fee, to respond to this Court's show cause order, and to respond to Defendants' motion to dismiss.  Thus, as discussed more below, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On August 24, 2021, Plaintiff filed a *pro se* complaint for employment discrimination, which was not on this Court's form, alleging Defendant Labor Finders discriminated against him based on race and color and seeking to allege claims for termination of his employment, failure to promote, unequal terms and conditions, and retaliation. ECF Doc. 1. Plaintiff also filed a motion to proceed *in forma pauperis*, also not on this Court's forms, and which failed to contain information sufficient for the Court to make an indigency determination. ECF Doc. 2. Thus, on August 27, 2021, the Court denied Plaintiff's motion and directed Plaintiff to, within fourteen (14) days, file a second motion to proceed *in forma pauperis* on the form mailed to Plaintiff by the clerk or to pay the Court's filing fee. ECF Doc. 5.

On September 8, 2021 Plaintiff submitted a hodgepodge of documents, consisting of his Court's notice to *pro se* litigants, a handwritten document titled "discrimination," some documents filed with the Equal Employment Opportunity Commission ("EEOC"), a document titled "conclusion of law," and an application for determination of civil indigent status, which appears to be a form provided by the state court. ECF Doc. 6. In addition to the indigency application not being on the form the clerk sent to Plaintiff, Plaintiff did not complete the form. Instead, Plaintiff wrote "N/A" for nearly every question. *Id.*

Thus, the Court once more denied Plaintiff's second motion and provided Plaintiff with another opportunity to file a sufficient motion to proceed *in forma pauperis* or, alternatively, to pay the $402.00 filing fee. ECF Doc. 7. Plaintiff's deadline for complying with the Court's order was October 19, 2021. Plaintiff did not file a third motion to proceed *in forma pauperis* or pay the Court's filing fee. Therefore, on October 5, 2021, the Court entered a show cause order directing Plaintiff to show cause why his case should not be dismissed for failure to prosecute and failure to follow orders of the Court. ECF Doc. 9. Plaintiff did not respond to the show cause order and his time for doing so has expired.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.[1]

2. That all pending motions be terminated.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of October, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The undersigned also notes that on September 17, 2021, Defendant filed a motion to dismiss this action for failure to exhaust. Plaintiff did not file a response to the motion. Thus, as an alternative basis for dismissing this action, the Court may also grant the Defendant's motion by default. *See* Fla. N.D. Loc. R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule.").

Case No. 3:21cv981-TKW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.